

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TONY JACKSON, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:09-1797-HFF-BM |
| | § | |
| HARLEY G. LAPPIN, ML RIVERA, | § | |
| CDR BRADLEY, MLP GARCIA, DR. | § | |
| ZOLTAN VENDEL, DR. R. MAJAUKAS, | § | |
|     Defendants. | § | |

# ORDER

This action has been filed by Plaintiff, pro se, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be denied, that Defendants' motion for summary judgment be granted, and that this case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 25, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on April 12, 2010.

In this case, Plaintiff alleges that Defendants, in treating his back injury, have been deliberately indifferent to his medical needs in violation of the Eighth Amendment. The Magistrate Judge concluded that Plaintiff had failed to demonstrate constitutional deliberate indifference but instead was merely unhappy with the course of treatment followed by his doctors.

In his Objections, Plaintiff alleges generally that Defendants "did not provide adequate medical care for his serious medical needs." (Pl.'s Objections 4.) He agrees with the Magistrate Judge's conclusion that Defendants were made aware of his back injury on December 17, 2007. (Pl.'s Objections 4; Report 5, 14.) However, he disagrees with the Magistrate Judge's determination that his treatment was ongoing from that time, arguing instead that his treatment was delayed by eighteen months. (Pl.'s Objections 4.) Although Plaintiff may not have received the treatment he wanted for eighteen months, the record establishes that Plaintiff was given x-rays, an MRI, prescribed a variety of pain medications and anti-inflammatory creams, and given the option to try steroid treatments between December 2007 and when he left FCI Estill in May 2009. *See* Report 5- 10 (summarizing Plaintiff's treatment). It is well-established that "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The undisputed medical records in this case eviscerate Plaintiff's objection that his medical treatment was delayed for eighteen months. Thus, this objection is without merit.

Plaintiff further objects to the Magistrate Judge's conclusion that he has failed to submit evidence from a medical expert sufficient to survive summary judgment. (Pl.'s Objections 5.) In

particular, Plaintiff points to Exhibit C in support of his motion for summary judgment, which is a record of an office visit to Dr. Garske at Coastal Plains Physician Associates. However, this exhibit actually bolsters the Report (and was quoted in the Report) in that Dr. Garske noted that when Plaintiff refused his recommendation of steroids, he had limited options to offer Plaintiff. Regardless, in reviewing the exhibits filed by Plaintiff, the Court fails to find any evidence of deliberate indifference sufficient to overcome summary judgment.

Finally, Plaintiff makes an unsupported and conclusory allegation that Defendants knew that he faced a substantial risk of serious harm and failed to respond. As discussed in the Report, Plaintiff's voluminous medical records cover this naked allegation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion for summary judgment is **DENIED**, Defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED**. To the extent Plaintiff's Complaint alleges any state law causes of action, those claims are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

(see notice on the following page)

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.